REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 25-10369-GW-ASx | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Zachary Ankilewitz v. Nelnet Servicing, LLC* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

None Present                                                         None Present

**PROCEEDINGS        IN CHAMBERS - ORDER REMANDING THE CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA**

On September 24, 2025, Zachary Ankilewitz ("Plaintiff") filed the instant action against Nelnet Business Solutions, Inc. ("Defendant") in the Superior Court of California, Small Claims Division, in Ventura County. *See* Complaint, Docket No. 1-1. On October 28, 2025, Defendant removed the action to this Court on the basis of federal question jurisdiction. *See* Notice of Removal, Docket No. 1. On November 4, 2025, Defendant filed a Motion to Dismiss. *See* Docket No. 8.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdictional challenges can be raised at any time – indeed, federal courts have "a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930 (9th Cir.1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir.1986)). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

Defendant asserts that, "[w]hile Plaintiff's Complaint does not identify a specific cause of action, Plaintiff seeks relief from Nelnet for alleged violations of the Fair Credit Reporting Act ("FCRA")."[1] Notice

---

[1] Congress enacted FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted). To ensure the accuracy of credit reports, FCRA imposes certain duties on the sources that provide credit information to credit reporting agencies, called "furnishers" in the statute. *See* H.R. REP. NO. 108-263, at 24 (2003).

REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 25-10369-GW-ASx | Date | December 8, 2025 |
|---|---|---|---|
| Title | Zachary Ankilewitz v. Nelnet Servicing, LLC | | |

of Removal ¶ 2 (citation omitted). The Complaint, which appears to be the standard form for filing a small claims action, consists of the following limited allegations: "Defendant refused to honor federal student loan discharge via the Fresh Start program. Despite full eligibility and completion of all required steps, Nelnet continued to report adverse loan status, failed to acknowledge discharge, and sent misleading communications suggesting repayment was required. This caused financial damage and emotional distress." Complaint at 2 of 6. The alleged damages are based on "[c]redit denial damages, harm to credit reputation, and emotional distress from inaccurate default loan reporting under Fresh Start" as well as "statutory damages and financial harm caused by inability to secure funding." *Id.* at 3 of 6. Defendant avers that "[t]he crux of Plaintiff's Complaint is that Nelnet allegedly furnished inaccurate information about Plaintiff to credit reporting agencies related to a student loan and that Plaintiff was harmed as a result of the allegedly inaccurate reporting." Notice of Removal ¶ 3. As such, Defendant claims that "[t]he allegations in the Complaint attempt to invoke the language of the FCRA and the protections of Section 1681s-2(b) . . . ."[2] *Id.* ¶ 10.

The "[w]ell-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." *Id.* (citations omitted). Here, Plaintiff's Complaint makes no reference to the FCRA. The scant allegations in the Complaint can also be construed to raise any number of state-based causes of action, including a violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a),[3] and libel. Defendant has not shown a sufficient basis for its claim that Plaintiff's small claims action seeking $10,000 in damages in fact arises under the FCRA. Defendant appears to concede as much by seeking to dismiss the Complaint in part for lack of federal subject matter jurisdiction. *See* Docket No. 8, at 3-5. As such, Defendant has not met its burden of demonstrating that removal is proper. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Because Defendant fails to show a basis for federal subject matter jurisdiction, this matter is **REMANDED** to the Ventura Superior Court Small Claims Division. Defendant's Motion to Dismiss is thereby deemed **MOOT**.

**IT IS SO ORDERED.**

---

[2] Section 1681s-2 sets forth the "[r]esponsibilities of furnishers of information to consumer reporting agencies." *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

[3] Cal. Civ. Code § 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."